Argued May 20, decided May 27, 1913.

## BELLARTS *v.* CLEETON.

(132 Pac. 961.)

**Statutes—Construction—Words.**

1. ʻAll the words of a statute must be construed to stand and be given their natural effect.

[As to the rule that in construing a statute the words should be read in their ordinary meaning, see note in 12 Am. St. Rep. 827.]

**Intoxicating Liquors—Petition for Local Option Election—Time.**

2. It is provided by Section 4922, L. O. L., that the local option election thereunder shall be held only on the first Tuesday after the first Monday in November of every year, and that the petition therefor shall be filed not less than 30 nor more than 90 days before the date of election, and that, if an election shall be demanded in any incorporated city to be held at the time of the city or town election occurring in a year in which there is no general election, then the county clerk shall notify, etc., is restrictive as to time of election and refers to years in which no general election is held, and a petition filed within the requisite time before a city election to be held in June cannot be sustained.

> [As to local option laws and the validity of them, see note in 114 Am. St. Rep. 324.]

**Injunction—Local Option Election—Interest of Party.**

3. A taxpayer alleging no injury other than that he, with all other taxpayers, would suffer irreparable injury, may not enjoin the calling of a local option election under Section 4922, L. O. L., though the election threatened to be held could not be legally held at the time petitioned for.

> [As to the irreparable injury menace of which entitles one to petition for injunction, see note in 1 Am. St. Rep. 374.]

**Injunction—Academic Questions.**

4. An injunction cannot be invoked to decide an academic question.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Statement by MR. JUSTICE BURNETT.

The plaintiff, H. J. Bellarts, a voter and taxpayer residing in the city of Portland, Multnomah County, Oregon, makes defendants of T. J. Cleeton, county judge, the commissioners and county clerk of the county, and the auditor of the city. He alleges in substance that a city election will be held in Portland June 2, 1913; that petitions have been presented to the clerk demanding that at that election the question of prohibition of the sale of intoxicating liquors be submitted to the voters of Portland in certain divisions thereof; that the clerk has received the same, and has notified the county court, which threatens to and will order an election as demanded at said city election June 2, 1913; that the clerk will transmit to the auditor of the city

the order of election; that the latter officer will place the question of prohibition upon the ballot; and finally that the proposition will be voted on by the electors of the city at the municipal election mentioned. The only allegation showing the interest of the plaintiff in the matter at issue is this: "That, if said election is held as aforesaid, this plaintiff and all other taxpayers of the city of Portland will sustain an irreparable injury."

The defendants interposed a general demurrer to this complaint specifying the following points relied upon: "(1) That Section 4922, L. O. L., authorizes the county court of Multnomah County, Oregon, to order the election upon the question of prohibition sought to be restrained by the plaintiff. (2) That neither plaintiff herein nor any other taxpayer will sustain an irreparable injury if said election is held." The Circuit Court sustained the demurrer and dismissed the suit. The plaintiff appeals.                AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wood, Montague & Hunt,* with oral arguments by *Mr. Charles E. S. Wood, Mr. Erskine Wood* and *Mr. John C. McCue.*

For respondents there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, and *Mr. John A. Collier,* with an oral argument by *Mr. Collier.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Section 4922, L. O. L., reads in part as follows:

"The election hereunder shall be held only on the first Tuesday after the first Monday in November of any year. The petition therefor shall be filed with the county clerk not less than thirty nor more than ninety days before the day of election. * *

If, under the provisions of this act, an election shall be demanded wholly, or in part in any incorporated city or town or any ward or precinct therein, to be held at the time of the city or town election occurring in a year in which there is no general election, then the county clerk shall notify the proper authority of such city or town that such election has been demanded in order that such city or town authority may cause the official ballots to be prepared in accordance with the provisions of this act, and the city auditor, or clerk, or recorder, as the case may be, shall make return to the county clerk of the vote for and against prohibition in the several precincts of said city or town, and thereafter said matter shall proceed as in the case of a general election. * * "

1, 2. All the words of this statute must be construed to stand and be given their natural effect. The words appointing the first Tuesday after the first Monday in November of any year for the holding of an election are restrictive in their signification. They govern the time for holding the election so that it must be held on that day whether it is in a year of a general biennial election or in the alternate year. If a city would operate under the local option law, it must have its election on the first Tuesday after the first Monday in November. The county court has no power to entertain a petition unless the same is filed not less than 30 nor more than 90 days before that day in any year, and it has no power to order an election to be held at any other time in the year. In a proper case, therefore, the first point suggested by the demurrer is not well taken.

3, 4. The complaint does not show, however, that the plaintiff will suffer any particular damage to his person or property, and does not state any facts from which the court could draw the conclusion he announces by the allegation quoted. This subject was considered

by this court in the case of *Friendly* v. *Olcott,* 61 Or. 580 (123 Pac. 53), where we held: "That as against public officers, where their action involves purely public or political rights, the drastic remedy of injunction can be invoked only by the state acting through its proper law officer." Injunction cannot be invoked to decide academic questions.

On the second point suggested by the demurrer it is well taken, and the decree of the Circuit Court is therefore affirmed.

AFFIRMED.